IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2148-F

| | | |
|---|---|---|
| THOMAS MOORE, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALVIN W. KELLER, Secretary of N.C. Department of Correction, and MICHAEL HARDEE, Administrator of Hyde Correctional Institution, | ) ) ) ) ) | |
| Respondents. | ) | |

Before the court is respondents' motion to stay [D.E. # 21] this court's March 30, 2012, judgment [D.E. # 18] granting-in-part and denying-in-part the parties' motions for summary judgment and ordering that petitioner be released from the custody of the State of North Carolina unless he is afforded a new trial within one hundred-eighty days of the date of the order. Respondents seek a stay pending appeal of the judgment. Petitioner has responded to the motion to stay [D.E. # 32] and has filed a separate motion [D.E. # 31] requesting his release or bond pending respondents' appeal. Respondents have filed a response [D.E. # 34] to petitioner's motion for release. These matters are now ripe for adjudication.

The standard of review to be applied by this court was recently and aptly set out by the Honorable Thomas D. Schroeder, of this court's sister court in the Middle District of North Carolina, as follows:

1

Federal Rule of Appellate Procedure 23(c) provides that, when the State appeals a decision granting habeas corpus, the habeas petitioner "must" be released from custody "unless the court or judge rendering the decision . . . orders otherwise." Fed. R. App. P. 23(c). In making the decision, the court is to be guided by the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Additional factors include the defendant's risk of flight, any danger to the community if he is released, and the State's interest in continuing custody and rehabilitation pending final determination of the case on appeal where the remaining time of incarceration remains lengthy. Id. at 777-78.

The Supreme Court has made clear that Rule 23(c) "undoubtedly creates a presumption of release," but it can be overcome if "the traditional stay factors tip the balance against it" and thus "the judge rendering the decision, or an appellate court or judge, 'otherwise orders.'" Id. at 774, 777. "Where the State establishes that it has a strong likelihood of success on appeal or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the stay analysis militate against release." Id. at 778. The same factors that govern this court's inquiry as to the custody determination also guide it as to the separate issue whether to grant a stay, id. at 777, though they are independent determinations.

Bauberger v. Haynes, 702 F. Supp.2d 588, 591-92 (M.D.N.C. 2010). As recognized by Judge Schroeder, although respondents' motion for stay and petitioner's motion for release are "independent" matters, the two motions require the court to weigh essentially the same equitable considerations. Indeed, the Supreme Court's seminal case on this issue, Hilton v. Braunskill, appears to blend the two inquiries in that decision, as it often employs the terms "stay" and "release" interchangeably in adjudicating the motion to stay judgment at issue in that case. See 481 U.S. at 775-779. See also id. at 775-776 (describing it as a "common sense notion that a court's denial of

2

enlargement to a successful habeas petitioner pending review of the order granting habeas relief has the same effect as the court's issuance of a stay of that order"). Hence, the court's analysis of the factors set out in Hilton shall represent its consideration of those factors as to both motions before the court.

The Supreme Court has indicated that the court's weighing of the first factor, the applicant's likelihood of success on appeal, is likely to be the most important factor to be considered. See Hilton, 481 U.S. at 778 ("The balance may depend to a large extent upon determination of the State's prospects of success on its appeal."). See also Brady v. National Football League, 640 F.3d 785, 789 (8th Cir. 2011) (discussing the Hilton factors and remarking that "[t]he most important factor is the appellant's likelihood of success on the merits."). Respondents assert that the court has erred and that there is therefore a "strong likelihood of success on appeal." Resp.'s Mem. 6. However, in support of this contention, apart from challenging the court's reliance on two thematically related cases from other jurisdictions, respondents mostly offer a restatement of arguments already rejected by the court. See Resps.' Mem. 6-8. Thus, for the reasons stated in the court's order granting-in-part and denying-in-part respondents' motion for summary judgment, the court does not find that respondents have demonstrated a strong likelihood of success on appeal. However, it does not follow that this factor weighs conclusively against respondents' request for a stay. Even if respondents have not demonstrated a "strong" likelihood of success, it is evident that–given the restrictions on the availability of the writ of habeas corpus established by the AEDPA, especially as it applies to ineffective assistance claims like petitioner's[1]–there is at least some likelihood of

---

[1] The Supreme Court's recent decision in Harrington v. Richter, 562 U.S. __, __, 131 S.Ct. 770, 788 (2011), illustrates this point:

(continued...)

success on appeal. At a minimum, it is clear that respondents have a "substantial case on the merits." Hilton, 481 U.S. at 778. See also Bauberger, 702 F. Supp.2d at 595. Thus, petitioner's "continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." Hilton, 481 U.S. at 778.

The second of the Hilton factors is whether the State will be irreparably injured absent a stay. Respondents contend that the State will suffer irreparable injury because "the federal appellate process will not be completed before the 180-day time period set by this Court for granting a new trial," thus requiring the State to either "grant Petitioner a new trial or set him free." Resps.' Mem. 12. "In other words, if a stay pending appeal is not granted the state will be forced into a 'catch-22' in which it will have to grant Petitioner a new trial within 180 days and thereby moot out its own appeal to the Fourth Circuit." Id. at 12-13. Petitioner argues that respondents' assertions about its supposed "Catch 22" are conclusory and that, if they are credited, "no stay request in federal habeas corpus would ever be denied." Pet'r's Mem. 8.

The court finds that this factor weighs in favor of respondents request for a stay and therefore militates against release of petitioner pending appeal. Confronted by similar circumstances and

---

[1](...continued)
Establishing that a state court's application of Strickland[ v. Washington, 466 U.S. 668 (1984)] was unreasonable under [28 U.S.C.] § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," id., at 689; Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997), and when the two apply in tandem, review is "doubly" so, Knowles[ v. Mirzayance, 556 U.S. __, __, 129 S.Ct. 1411,1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at __, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

4

arguments, Judge Schroeder reached the same conclusion in Bauberger:

> [A]bsent a stay, [the State] will suffer irreparable harm, because it is highly unlikely that an appeal could be completed by the time it would have to retry the case. If it loses on retrial, the State will lose a conviction it may otherwise have sustained on appeal. For this reason, the court concludes that this factor weighs in favor of the State as to the stay.

702 F. Supp.2d at 596. See also Wolfe v. Clarke, 819 F. Supp.2d 574, 583 (E.D. Va. 2011). In short, respondents have appealed as-of-right this court's decision granting habeas relief, and a successful challenge in that appeal–a result which, even if not believed likely, is plausible–would obviate the need for the retrial contemplated by the court's order. At this point, approximately ninety days into the 180-day period established by the court's conditional grant of habeas corpus, only the opening brief in respondents' appeal has been filed. Briefing deadlines in the consolidated cross-appeal filed by petitioner were recently extended, on petitioner's own motion, to August 27, 2012, barely a month before the 180-day period will expire. See Moore v. Hardee, Case No. 12-6679, Order [D.E. # 23] (4th Cir. June 25, 2012). Thus, it is evident that the appeals in this matter will not be completed before the State would be required to release or retry petitioner. Forcing the State to commence with its retrial of petitioner will require the State to devote valuable resources and time to the retrial, to say nothing of any potentially "mooting" effect that the second trial could have on respondents' pending appeal. The State should not be required to choose between releasing petitioner from a conviction and sentence which respondents reasonably believe will be redeemed on appeal or undertaking the admittedly onerous measures required by this court's order while respondents' good faith appeal of that order remains pending. Accordingly, because the State will be irreparably injured absent a stay, the second factor in the analysis favors respondents.

The fourth factor requires the court to assess where the public interest lies. The State

contends that the public interest favors a stay of judgment and petitioner's continued incarceration through the appellate process because petitioner is a convicted felon and because the State should not be forced into the "Catch 22" described previously. Resps.' Mem. 14. Petitioner contends that "the public has a strong interest in *not* requiring a defendant to complete the entirety of his sentence before the State's case against him [h]as undergone a meaningful adversarial testing." Pet'r's Mem. 12.

The court finds that this factor also weighs in favor of the State and therefore militates against the release of petitioner during the appeal. While petitioner is correct that the public interest generally does not favor the continued incarceration of someone whose conviction has been found constitutionally infirm, in a close case predicated on the court's application of general legal principles to a set of highly unusual facts underlying a very serious violent crime, the public interest also must favor allowing the judicial system to run its due course. See Wolfe, 819 F. Supp.2d at 584. Moreover, as noted in Wolfe, to the extent the public interest might lie in vindication of the Rules of Appellate Procedure's presumption in favor of release, such presumption is rebutted where, as here, the State has demonstrated it will suffer irreparable injury in the absence of a stay and there is some likelihood of success on appeal. Id. Thus, the court finds that, considering the totality of circumstances, the public interest factor weighs in favor of respondents' request to stay and militates against petitioner's request for release pending appeal.

While Hilton indicates that the above analysis is sufficient to resolve these matters in favor of respondents,[2] for purposes of context and thoroughness, the court will address the remaining

---

[2] See Hilton, 481 U.S. at 778 ("Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the
(continued...)

factors discussed in Hilton. The remaining "traditional stay factor" discussed in Hilton is "whether the issuance of the stay will substantially injure the other parties interested in the proceeding." Hilton, 481 U.S. at 776. Petitioner's substantial impairment if a stay is granted consists of his continued incarceration for a conviction which this court has ruled unconstitutional. Respondents argue that petitioner will not be substantially impaired because "there is a substantial likelihood of success on appeal" and the strength of the evidence of petitioner's guilt is "strong." Resps.' Mem. 14. For the reasons stated in the court's order conditionally granting habeas relief, the court finds both of these contentions unpersuasive. Thus, the weighing of this factor tilts in petitioner's favor.

Finally, Hilton counsels that courts may consider additional factors such as whether the petitioner poses a risk of flight or a danger to the community if released pending appeal, as well as the "State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . ." 481 U.S. at 777. The court finds generally that respondents have presented insufficient evidence that petitioner represents a flight risk or a danger to the community should he be released pending appeal. Respondents' conclusory argument that the mere fact of petitioner's conviction–which this court has declared unconstitutional–establishes these circumstances, see Resps.' Reply Mem. 14-15, is simply unpersuasive. Moreover, the court credits petitioner's argument that he voluntarily reported for questioning when contacted by law enforcement about the underlying crim, and that he "posted bond and appeared for trial in this case." Pet'r's Mem. 9. In addition, petitioner has produced evidence, consisting of affidavits from family members, that essentially all of his closest family members live in the Raleigh, North Carolina, area and that he will

---

[2](...continued)
merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release.").

be provided with a stable home and employment through his family in the event that he is released. Id. Thus, the court has no compelling basis upon which to conclude that petitioner poses an undue risk of flight. As to the dangerousness inquiry, the court again credits petitioner's argument that he has no prior violent criminal record, and that he has not had even a single disciplinary infraction in the more than five years he has been incarcerated as a result of this conviction. In the face of respondents' reliance only upon the fact of petitioner's conviction, this evidence tilts the weighing of these factors in favor of petitioner.

The final factor alluded to in Hilton is the "State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . ." 481 U.S. at 777. The State's interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." Id. This factor weighs in favor of the State because petitioner's projected release date is more than six years away. See Bauberger, 702 F. Supp.2d at 596.

In sum, while several of the factors to be weighed in this analysis appear to favor petitioner, pursuant to Hilton, respondents are entitled to a stay of this court's judgment. This is so even considering the court's belief that respondents have not demonstrated a strong likelihood that they will succeed on appeal of this court's judgment. Nevertheless, because respondents have at the very least a "substantial case on the merits" and the other key factors to be considered, the State's irreparable injury absent a stay and the public interest, "militate against release" of petitioner at this time, respondents' motion for stay is due to be granted and petitioner's motion for release is due to be denied. See Wolfe, 819 F. Supp.2d at 586 (granting motion for stay of judgment, and denying petitioner's separate motion for release, despite finding that State had failed to demonstrate a strong

likelihood of success on appeal); Bauberger, 702 F. Supp.2d at 598 (granting motion for stay of judgment, and denying petitioner's separate motion for release, where court found that State failed to demonstrate a strong likelihood of success on appeal but did present "a serious legal question" for appeal).

For all of the reasons given above, it is ORDERED that respondents' motion for stay of this court's judgment pending appeal [D.E. # 21] is GRANTED and petitioner's motion for release [D.E. # 31] is DENIED. The court's judgment [D.E. # 18] conditionally granting petitioner habeas corpus relief and directing that respondents release petitioner or initiate his retrial within 180 days from March 30, 2012, is hereby STAYED pending respondents' appeal of that judgment.

SO ORDERED. This the 17th day of June, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge